## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMILA STINSON                                )
                                              )
                                              )
                Plaintiff,                    )
      vs.                                     )        CIVIL ACTION NO.
                                              )
                                              )        COMPLAINT
TRANS UNION, LLC,                             )
EXPERIAN INFORMATION                          )        JURY TRIAL DEMANDED
SOLUTIONS, INC.,                              )
EQUIFAX INFORMATION                           )
SERVICES LLC,                                 )
and                                           )
ROCKET MORTGAGE LLC,                          )
d/b/a MR. COOPER                              )
                                              )
                Defendants.                   )
                                              )

## PRELIMINARY STATEMENT

1.      This is an action for damages brought by an individual consumer against Defendants Trans Union, LLC, Experian Information Solutions, Inc., Equifax Information Services LLC, and Rocket Mortgage LLC, d/b/a Mr. Cooper for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*

## JURISDICTION AND VENUE

2.      Jurisdiction of this court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331 and 1337.

3.      Venue lies properly in this district pursuant to 28 U.S.C. § 1391 (b).

## PARTIES

4.      Plaintiff Jamila Stinson is an adult individual who resides in the Commonwealth of Pennsylvania.

5.      Defendant Trans Union, LLC (hereafter "TU") is a business entity that regularly conducts business in the Eastern District of Pennsylvania and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA 19022.

6.      Defendant Experian Information Solutions, Inc. ("EX") is a consumer reporting agency that regularly conducts business in the Eastern District of Pennsylvania and which has a principle place of business located at 4 Gatehall Drive, 3rd Floor, Parsippany, NJ 07054.

7.      Defendant Equifax Information Services LLC ("EQ") is a consumer reporting agency that regularly conducts business in the Eastern District of Pennsylvania and which has a principle place of business located at 1500 Peachtree Street NW, Atlanta, GA 30309.

8.      Defendant Rocket Mortgage LLC, d/b/a Mr. Cooper ("Mr. Cooper") is a business entity and furnisher of credit information that regularly conducts business in the Eastern District of Pennsylvania and which has a place of business located at 8950 Cypress Waters Blvd., Coppell, TX 75019.

## FACTUAL ALLEGATIONS

9.      Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties ("inaccurate information") from at least December 2025 through present.

10.     The inaccurate information includes, but is not limited to, an account with Mr. Cooper.

11.     The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness. The inaccurate information consists of accounts and/or tradelines that inaccurately report Plaintiff's mortgage status and payment history.

12.     Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

13.     Plaintiff has disputed the inaccurate information with Defendants by both oral and written communications to their representatives and by following TU, EX, and EQ established procedures for disputing consumer credit information.

14.     Plaintiff has disputed the inaccurate information with TU, EX, and EQ from December 2025 through the present.

15.     Notwithstanding Plaintiff's efforts, TU, EX, and EQ have sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and TU, EX, and EQ continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.  TU, EX, and EQ have repeatedly published and disseminated consumer reports to such third parties from at least December 2025 through the present.

16.     Despite Plaintiff's efforts, TU, EX, and EQ have never:  (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information; and (5) performed any handwriting analysis.

17.     Notwithstanding Plaintiff's disputes, Mr. Cooper has also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit

reporting agencies concerning Plaintiff's disputes, has willfully continued to report such inaccurate information to various credit reporting agencies, and has failed to mark the above account as disputed.

18.     Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to report on the results of its reinvestigations to all credit reporting agencies, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

19.     As of result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress.

20.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

21.     At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I – VIOLATIONS OF THE FCRA
### (PLAINTIFF V. TU, EX, AND EQ)

22.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23.     At all times pertinent hereto, TU, EX, and EQ were "persons" and "consumer reporting agencies" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

4

24. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

25. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

26. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, TU, EX, and EQ are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e and 1681i.

27. The conduct of TU, EX, and EQ was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, TU, EX, and EQ are liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT II – VIOLATIONS OF THE FCRA
### (PLAINTIFF V. MR. COOPER)

28. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

29. At all times pertinent hereto Mr. Cooper was a "person" as that term defined by 15 U.S.C. § 1681a(b).

30. Mr. Cooper violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

31. Mr. Cooper's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result Mr. Cooper is liable to compensate Plaintiff for the full amount of

statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief, permitted by law.

## JURY TRIAL DEMAND

32. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a)  Actual damages;

(b)  Statutory damages;

(c)  Punitive damages;

(d)  Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o; and

(e)  Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

Tra,

_____

Mark D. Mailman, Esq
Geoffrey H. Baskerville, Esq.
FRANCIS & MAILMAN SOUMILAS, P.C.
1600 Market Street, Suite 2510
Philadelphia, PA 19103
 (215) 735-8600
gbaskerville@consumerlawfirm.com

Dated: March 19, 2026

6