**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMILA STINSON, <br><br> Plaintiff, <br><br> v. <br><br> TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES LLC; ROCKET MORTGAGE LLC doing business as <br> Defendants. | Civil Action No. 2:26-cv-01807-MAK |

**ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.**

NOW COMES Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, and answers Plaintiff Jamila Stinson's Complaint (the "Complaint") as follows:

**PRELIMINARY STATEMENT**

1.      In response to paragraph 1 of the Complaint, Experian admits that Plaintiff's Complaint purports to state claims under the Fair Credit Reporting Act ("FCRA").  Experian denies that it has violated the FCRA and denies that it is liable to Plaintiff for any alleged damages.  As to the remaining allegations, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## JURISDICTION & VENUE

2.      In response to paragraph 2 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction is proper pursuant to 15 U.S.C. § 1681p, § 28 U.S.C. § 1331 and 28 U.S.C. § 1337.  Experian states that this is a legal conclusion which is not subject to admission or denial.

3.      In response to paragraph 3 of the Complaint, Experian states that Plaintiff has alleged venue in this district is proper pursuant to 28 U.S.C. § 1391(b).  Experian states that this is a legal conclusion which is not subject to admission or denial.

## PARTIES

4.      In response to paragraph 4 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

5.      In response to paragraph 5 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

6.      In response to paragraph 6 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).  Experian further admits that it is qualified to do business and conducts business in the Eastern District of Pennsylvania.  Except as specifically admitted, Experian denies, generally and specifically, each and every allegation contained therein.

7.      In response to paragraph 7 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

8.      In response to paragraph 8 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## FACTUAL ALLEGATIONS

9.      In response to paragraph 9 of the Complaint, Experian denies that it has violated the FCRA.  As to the remaining allegations in paragraph 9 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

10.     In response to paragraph 10 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

11.     In response to paragraph 11 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

12.     In response to paragraph 12 of the Complaint, Experian denies that it has violated the FCRA.  As to the remaining allegations in paragraph 12 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

13.     In response to paragraph 13 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

14.     In response to paragraph 14 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

15.     In response to paragraph 15 of the Complaint, Experian denies that it has violated the FCRA.  As to the remaining allegations in paragraph 15 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

16.     In response to paragraph 16 of the Complaint, Experian denies that it has violated the FCRA.  As to the remaining allegations in paragraph 16 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

17.     In response to paragraph 17 of the Complaint, Experian denies that it has violated the FCRA.  As to the remaining allegations in paragraph 17 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

18.     In response to paragraph 18 of the Complaint, Experian denies the allegations contained therein that relate to Experian. As to the remaining allegations in paragraph 18 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

19.     In response to paragraph 19 of the Complaint, Experian denies the allegations contained therein that relate to Experian. As to the remaining allegations in paragraph 19 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

20.     In response to paragraph 20 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

21.     In response to paragraph 21 of the Complaint, Experian denies the allegations contained therein that relate to Experian. As to the remaining allegations in paragraph 21 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

### COUNT ONE –VIOLATIONS OF THE FCRA
### (PLAINTIFF v. TU, EX, AND EQ)

22.     In response to paragraph 22 of the Complaint, Experian incorporates its responses to paragraphs 1 through 21 of the Complaint as if fully set forth herein.

23.     In response to paragraph 26 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).  As to the remaining allegations in paragraph 23 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

24. In response to paragraph 24 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

25. In response to paragraph 25 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

26. In response to paragraph 26 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the remaining allegations in paragraph 26 of the Complaint, that relate to other defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

27. In response to paragraph 27 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the remaining allegations in paragraph 27 of the Complaint, that relate to other defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

### COUNT ONE –VIOLATIONS OF THE FCRA
### (PLAINTIFF v. MR. COOPER)

28. In response to paragraph 28 of the Complaint, Experian incorporates its responses to paragraphs 1 through 27 of the Complaint as if fully set forth herein.

29.    In response to paragraph 29 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

30.    In response to paragraph 30 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

31.    In response to paragraph 31 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## JURY TRIAL DEMAND

32.    In response to paragraph 32 of the Complaint, Experian admits that Plaintiff has demanded a trial by jury on all issues triable.

## RESPONSE TO PRAYER FOR RELIEF

Experian denies that Plaintiff is entitled to any damages or other relief against Experian as set forth in Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

## SECOND AFFIRMATIVE DEFENSE

All claims against Experian are barred because all information Experian communicated

- 8 -

to any third person regarding Plaintiff was true.

### THIRD AFFIRMATIVE DEFENSE

Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff were the result of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages.

### FIFTH AFFIRMATIVE DEFENSE

Experian alleges on information and belief that Plaintiff's claims may be the subject of an arbitration agreement between Plaintiff and Experian.

### PRAYER FOR RELIEF

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1)     That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2)     For costs of suit and attorneys' fees herein incurred; and

(3)     For such other and further relief as the Court may deem just and proper.

Dated:  June 15, 2026                          Respectfully submitted,


                                               */s/ Mohammad A. Ghiasuddin*
                                               Mohammad A. Ghiasuddin
                                               Margolis Edelstein
                                               The Curtis Center, Suite 400E
                                               170 S. Independence Mall W.
                                               Philadelphia, PA 19106-3337
                                               Telephone: (215) 931-5802
                                               Email: mghiasuddin@margolisedelstein.com

                                               Counsel for Defendant
                                               EXPERIAN INFORMATION SOLUTIONS,
                                               INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the date stated below, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.


Dated: June 15, 2026                              Respectfully submitted,

                                                  */s/ Mohammad Ghiasuddin*
                                                  Mohammad Ghiasuddin, Esquire (Pa. 83925)
                                                  MARGOLIS EDELSTEIN
                                                  The Curtis Center
                                                  170 S Independence Mall W, Suite 400E
                                                  Philadelphia PA  19106-3337
                                                  Telephone: 215-931-5802
                                                  Facsimile: 215-922-1772
                                                  mghiasuddin@margolisedelstein.com

                                                  *Counsel for Defendant*
                                                  *Experian Information Solutions, Inc.*