IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMILA STINSON, | Case No. 2:26-cv-01807-MAK |
| Plaintiff, | |
| v. | Defendant Equifax Information Services, LLC's Answer to Plaintiff's Complaint |
| TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES LLC, and ROCKET MORTGAGE LLC, d/b/a MR. COOPER, | |
| Defendants. | |

**ANSWER TO PLAINTIFF'S COMPLAINT OF DEFENDANT EQUIFAX INFORMATION SERVICES, LLC**

Defendant, Equifax Information Services, LLC ("Equifax"), by and through its attorneys and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiff's Complaint (ECF No. 1) as follows:

**EQUIFAX'S PRELIMINARY STATEMENT**

In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

**ANSWER**

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

**PRELIMINARY STATEMENT**

**COMPLAINT ¶1:**

This is an action for damages brought by an individual consumer against Defendants Trans Union, LLC, Experian Information Solutions, Inc., Equifax Information Services LLC, and Rocket

Mortgage LLC, d/b/a Mr. Cooper for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq*.

**ANSWER:**

Equifax admits that Plaintiff purports to make such allegations.  Equifax denies that it violated the FCRA or any other law, denies it is liable to Plaintiff, and denies any remaining allegations in this paragraph.

## JURISDICTION AND VENUE

**COMPLAINT ¶2:**

Jurisdiction of this court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331 and 1337.

**ANSWER:**

To the extent Plaintiff has properly alleged the claims herein, Equifax admits that this Court may exercise its subject matter jurisdiction.

**COMPLAINT ¶3:**

Venue lies properly in this district pursuant to 28 U.S.C. § 1391 (b).

**ANSWER:**

Equifax admits that Plaintiff has alleged venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2). Equifax states that this is a legal conclusion which is not subject to denial or admission.

## PARTIES

**COMPLAINT ¶4:**

Plaintiff Jamila Stinson is an adult individual who resides in the Commonwealth of Pennsylvania.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶5:**

Defendant Trans Union, LLC (hereafter "TU") is a business entity that regularly conducts business in the Eastern District of Pennsylvania and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA 19022.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶6:**

Defendant Experian Information Solutions, Inc. ("EX") is a consumer reporting agency that regularly conducts business in the Eastern District of Pennsylvania and which has a principle place of business located at 4 Gatehall Drive, 3rd Floor, Parsippany, NJ 07054.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶7:**

Defendant Equifax Information Services LLC ("EQ") is a consumer reporting agency that regularly conducts business in the Eastern District of Pennsylvania and which has a principle place of business located at 1500 Peachtree Street NW, Atlanta, GA 30309.

**ANSWER:**

Equifax admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only and, at times, it engages in the business of assembling, and disbursing consumer reports to third-parties for monetary compensation.  Equifax admits that it is a Georgia limited liability company. Equifax further admits that it maintains an address at 1550 Peachtree Street NW, Atlanta, Georgia 30309.  Equifax admits that it is registered to do business in the State of Pennsylvania. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶8:**

Defendant Rocket Mortgage LLC, d/b/a Mr. Cooper ("Mr. Cooper") is a business entity and furnisher of credit information that regularly conducts business in the Eastern District of

Pennsylvania and which has a place of business located at 8950 Cypress Waters Blvd., Coppell, TX 75019.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the truth of

the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## FACTUAL ALLEGATIONS

**COMPLAINT ¶9:**

Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties ("inaccurate information") from at least December 2025 through present.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶10:**

The inaccurate information includes, but is not limited to, an account with Mr. Cooper.

**ANSWER:**

Equifax denies reporting inaccurate information.  Equifax lacks knowledge or information

sufficient to form a belief regarding the truth of the remaining allegations in this paragraph and,

on that basis, denies the allegations contained therein.

**COMPLAINT ¶11:**

The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness. The inaccurate information consists of accounts and/or tradelines that inaccurately report Plaintiff's mortgage status and payment history.

**ANSWER:**

Equifax denies reporting inaccurate information.  Equifax lacks knowledge or information

sufficient to form a belief regarding the truth of the remaining allegations in this paragraph and,

on that basis, denies the allegations contained therein.

**COMPLAINT ¶12:**

Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

**ANSWER:**

Because of the vague and generalized nature of the allegations, Equifax lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶13:**

Plaintiff has disputed the inaccurate information with Defendants by both oral and written communications to their representatives and by following TU, EX, and EQ established procedures for disputing consumer credit information.

**ANSWER:**

Equifax admits that on February 6, 2026 it received a letter purportedly from Plaintiff concerning allegedly fraudulent information in her credit file, the contents of which speak for themselves. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶14:**

Plaintiff has disputed the inaccurate information with TU, EX, and EQ from December 2025 through the present.

**ANSWER:**

Equifax admits that on February 6, 2026 it received a letter purportedly from Plaintiff concerning allegedly fraudulent information in her credit file, the contents of which speak for themselves. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶15:**

Notwithstanding Plaintiff's efforts, TU, EX, and EQ have sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and TU, EX, and EQ continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. TU, EX, and EQ have repeatedly published and disseminated consumer reports to such third parties from at least December 2025 through the present.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶16:**

Despite Plaintiff's efforts, TU, EX, and EQ have never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information; and (5) performed any handwriting analysis.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶17:**

Notwithstanding Plaintiff's disputes, Mr. Cooper has also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes, has willfully continued to report such inaccurate information to various credit reporting agencies, and has failed to mark the above account as disputed.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the truth of

the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶18:**

Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to report on the results of its reinvestigations to all credit reporting agencies, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶19:**

As of result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA

or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶20:**

At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

**ANSWER:**

Equifax admits that it conducts business through its employees and others.  Equifax denies

the remaining allegations in this paragraph.

**COMPLAINT ¶21:**

At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COUNT I – VIOLATIONS OF THE FCRA**
**(PLAINTIFF V. TU, EX, AND EQ)**

**COMPLAINT ¶22:**

Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length

herein.

**COMPLAINT ¶23:**

At all times pertinent hereto, TU, EX, and EQ were "persons" and "consumer reporting agencies" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶24:**

At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph and, on that basis, denies the allegations contained therein, except admits, upon information and belief, that Plaintiff qualifies as a "consumer" under the FCRA.

**COMPLAINT ¶25:**

At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶26:**

Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, TU, EX, and EQ are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e and 1681i.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶27:**

The conduct of TU, EX, and EQ was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, TU, EX, and EQ are liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA

or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COUNT II – VIOLATIONS OF THE FCRA**
**(PLAINTIFF V. MR. COOPER)**

**COMPLAINT ¶28:**

Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length

herein.

**COMPLAINT ¶29:**

At all times pertinent hereto Mr. Cooper was a "person" as that term defined by 15 U.S.C. § 1681a(b).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the truth of

the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶30:**

Mr. Cooper violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶31:**

Mr. Cooper's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result Mr. Cooper is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief, permitted by law.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## JURY TRIAL DEMAND

**COMPLAINT ¶32:**

Plaintiff demands trial by jury on all issues so triable.

**ANSWER:**

Equifax admits only that Plaintiff demands a jury trial on all triable issues. Equifax objects to a jury trial on any claims for equitable relief and all other issues as to which a jury is not permitted as of right or as a matter of law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o; and

(e) Such other and further relief as may be necessary, just and proper.

**ANSWER:**

Equifax denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

Any allegation in Plaintiff's Complaint not specifically responded to herein is expressly denied.

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1)     Plaintiff's Complaint be dismissed in its entirety and with prejudice as to Equifax, with all costs taxed against Plaintiff;

(2)     it be dismissed as a party to this action; and

(3)     it recover such other and additional relief as the Court deems just and appropriate.

Dated:     June 15, 2026                              Respectfully submitted,

**CLARK HILL PLC**

*/s/ Beatrice D. Segal*
Beatrice D. Segal, PA ID # 332192
Two Commerce Square
2001 Market St, Suite 2620
Philadelphia, PA 19103
Tel: (215) 640-8419
Fax: (215) 640-8501
bsegal@clarkhill.com
*Counsel for Defendant,*
*Equifax Information Services, LLC*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

Dated:    June 15, 2026

*/s/ Beatrice D. Segal*
Beatrice D. Segal